**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 18-4469**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

PHILLIP RYAN GARRISON,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:08-cr-00072-WO-1)

Submitted: January 22, 2019                Decided: January 24, 2019

Before MOTZ, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Tiffany T. Jefferson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Anand P. Ramaswamy, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phillip Ryan Garrison appeals from the district court's order revoking his supervised release and imposing a 20-month sentence. Counsel has filed an *Anders v. California*, 386 U.S. 738 (1967) brief, stating that there are no meritorious issues for appeal, but questioning whether Garrison's sentence was plainly unreasonable. The Government has declined to file a brief and Garrison was notified of his right to file a pro se informal brief, but he has not done so. We affirm.

We discern no error in the district court's decision to impose a 20-month sentence and terminate supervision thereafter. This court will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable. *United States v. Crudup*, 461 F.3d 433, 438-40 (4th Cir. 2006). While a district court must consider the Chapter Seven policy statements, U.S. Sentencing Guidelines Manual Ch. 7, Pt. B, and the statutory requirements and factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2012), the district court ultimately has broad discretion to revoke supervised release and impose a term of imprisonment up to the statutory maximum. *Crudup*, 461 F.3d at 438-39.

A supervised release revocation sentence is procedurally reasonable if the district court considered the Chapter 7 advisory policy statements and the § 3553(a) factors it is permitted to consider in a supervised release revocation case. *See* 18 U.S.C. § 3583(e); *Crudup*, 461 F.3d at 439-40. A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. *Crudup*, 461 F.3d at 440. Only if a

2

sentence is found procedurally or substantively unreasonable will this court "then decide whether the sentence is plainly unreasonable." *Id.* at 439 (emphasis omitted).

The court adequately stated permissible reasons for the sentence including that Garrison had a pattern of continuing to use marijuana, even after the court gave him opportunities to receive mental health and substance abuse counseling because Garrison stated that he used marijuana to cope with depression. The court noted that it had previously imposed home monitoring. The court acknowledged that the sentence was within the statutory maximum of 24 months (less the previously imposed term). We conclude that the court's explanation was adequate to support and review the sentence and that it was not plainly unreasonable. *See* 18 U.S.C. § 3583(e); *Crudup*, 461 F.3d at 439-40. We have carefully reviewed the record and *Anders* brief and conclude that Garrison's sentence is not plainly unreasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the revocation judgment. This court requires that counsel inform Garrison, in writing, of the right to petition the Supreme Court of the United States for further review. If Garrison requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Garrison.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*